# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

      Plaintiff,

v.                                       Civ. No. 26-888 GBW

CALE ROBERTSON,

      Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER TO SHOW CAUSE REGARDING COMPLAINT AND ORDER TO SHOW CAUSE REGARDING NOTICE OF REMOVAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *Doc. 1*, filed March 24, 2026 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, *Doc. 3*, filed March 24, 2026 ("Application"), and Plaintiff's Notice of Removal, *Doc. 5*, filed March 24, 2026.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied.  If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her average monthly income amount during the past 12 months is $0.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff has no income.

**Order to Show Cause Regarding Complaint**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff asserts claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against her former husband Defendant Cale Robertson based on Defendant's actions in

and related to a state court case.  *See* Complaint at 3.  Plaintiff has also filed a Notice of Removal of the state-court case which the Court addresses below.

The Court has identified the following deficiency and orders Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023 WL 4560223, at \*2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.  72(a)).

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted).  There are no allegations showing that Defendant Cale Robertson was acting under color of state law.  The Complaint contains conclusory allegations that Defendant violated Plaintiff's rights under the First and Fourteenth Amendments but does not clearly explain which federally protected rights Plaintiff believes Defendant violated or how Defendant violated those rights.  *See* Complaint at 2–3.

If Plaintiff asserts the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983, Plaintiff must file an amended complaint.  The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how

3

the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Order to Show Cause Regarding Notice of Removal**

Plaintiff filed a notice removing the state court case *Cale Robertson v. Belinda Robertson*, No. M-14-CV-202502187 from Magistrate Court, City of Las Cruces, State of New Mexico, stating:

> This Notice of Removal is timely filed pursuant to 28 U.S.C. S 1446(b)(3) because it is being filed within 30 days after December 03, 2025, After Defendant filed her Response Amendment that first introduced her federal law claims.

Notice of Removal at 3.

4

It appears the removed case should be remanded back to the City of Las Cruces Magistrate Court because Plaintiff has not met her burden of showing that this Court could have exercised original jurisdiction over the removed case.

> A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). However, a federal court must remand a removed action back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and "there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

*Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Furthermore,

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction.

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (internal citations omitted). Plaintiff has not shown that a federal question appears on the face of the complaint filed in the City of Las Cruces Magistrate Court. The fact that Plaintiff "alleged claims arising under federal law" in her answer to the state-court complaint is not sufficient to invoke federal question jurisdiction.

It also appears that Plaintiff's removal is untimely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a

5

> copy of the initial pleading setting forth the claim for relief upon which
> such action or proceeding is based . . . [or] within 30 days after receipt by
> the defendant, through service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  Plaintiff has not shown that she filed the Notice of Removal within

30 days of service of the state court complaint which was filed on November 25, 2025,

and which she answered on December 15, 2025.  Nor has Plaintiff shown that she filed

the Notice of Removal within 30 days of service of any other paper filed by Cale

Robertson in the state court case from which it may first be ascertained that Cale

Robertson's case is one which is or has become removable.  Plaintiff's statement that the

Notice of Removal is timely "because it is being filed within 30 days after December 03,

2025," is incorrect; Plaintiff filed the Notice of Removal on March 24, 2026.

The Court orders Plaintiff to show cause why the Court should not remand

*Robertson v. Robertson*, No. M-14-CV-202502187, to the Magistrate Court, City of Las

Cruces, State of New Mexico.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to
> become familiar with and to comply with the *Federal Rules of Civil
> Procedure* and the *Local Rules of the United States District Court for the
> District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico

(Oct. 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal

6

Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil

Procedure interferes with the judicial process and may result in monetary and non-

monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R.

Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action[.]"); *Gustafson v. Luke*, 696 F. App'x

352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts

to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the

rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204

n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal

Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)

("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading,
> written motion, or other paper—whether by signing, filing, submitting, or
> later advocating it—an attorney or unrepresented party certifies that to the

best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 3*), filed March 24, 2026, is **GRANTED.**

(ii)   Plaintiff shall, within **21 days** of entry of this Order: (a) show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

8

(iii)   Plaintiff shall, within **21 days** of entry of this Order, show cause why the

Court should not remand *Robertson v. Robertson*, No. M-14-CV-202502187,

to the Magistrate Court, City of Las Cruces, State of New Mexico.  Failure

to timely show cause may result in remand of the removed case to state

court.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

9