**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

       Plaintiff,

v.                                  No. 2:26-cv-00888-MIS-GBW

CALE ROBERTSON,

       Defendant.

**ORDER OF DISMISSAL, ORDER OF REMAND, AND ORDER DENYING REMOVAL
MOTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff Belinda Robertson's: (1)
Amedment [sic] Show Cause Under 28. U.S.C NMSA and Other Violation Rights Under 42.U.S.C.
S 1983 and Claims Pursuant to State Statutory and Tort Law, ECF No. 8 ("Amended Complaint"),
filed April 6, 2026; (2) Plaintiff's Notice of Removal, ECF No. 5, filed March 24, 2026, and
Plaintiff's self-styled Amedment [sic] Motion of Emergency from a Magistrate Court to a Federal
Jurisdiction Under the Penalities [sic] of the State of New Mexico Pursuant 28.U.S.C S 1404 for
Deprivation and Violation of the Civil Rights and Other Rights Guaranteed to Protect Plaintiff in
Amedment [sic] Fourteenth of the Law of the Constitution of the United States in the Magistrate
Court and State Court ("Removal Motion"), ECF No. 10, filed April 16, 2026.

**Order of Dismissal**

Plaintiff asserted claims for violations of her First and Fourteenth Amendment rights
pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against her former husband,
Defendant Cale Robertson, based on Defendant's actions in and related to a state-court case. *See*
Am. Compl. at 3.

On March 27, 2026, Chief United States Magistrate Judge Gregory B. Wormuth issued an order notifying Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no allegations showing that Defendant Cale Robertson was acting under color of state law.  The Complaint contains conclusory allegations that Defendant violated Plaintiff's rights under the First and Fourteenth Amendments but does not clearly explain which federally protected rights Plaintiff believes Defendant violated or how Defendant violated those rights.  *See* Complaint at 2-3.

Order to Show Cause at 3, ECF No. 7.  Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983 and to file an amended complaint.

Plaintiff timely filed her Amended Complaint and response to the Order to Show Cause. *See* Am. Compl.  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and for malicious abuse of process, defamation and deprivation of rights pursuant to the New Mexico Constitution.  *See id.* at 11-22.  The Amended Complaint makes vague, conclusory allegations that Defendant conspired with state officials.  *See id.* at 2 ("in conspiracy," "people in Complicity and Conspiracy with Defendant Cale Robertson"); *id.* at 3 ("in Conspiracy with Cale Robertson"); *id.* at 4 ("Defendant Cale Robertson in conspiracy with Jerome Johnson and Attorney Stephen Eaton"); *id.* at 12 ("Defendant Cale Robertson . . . planned in Conspiracy with People with Several Violations"); *id.* at 14 ("Defendant Cale Robertson in conspiracy with Experts appointed for a District Court").

Plaintiff has not shown that Defendant was acting under color of state law.  While "allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks*

*v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).  Plaintiff has not alleged specific facts showing that Defendant and state officials agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal] among defendants").

The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiff has not stated allegations showing that Defendant was acting under color of state law.  The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the Amended Complaint.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Order of Remand**

Plaintiff filed a notice removing the state-court case *Cale Robertson v. Belinda Robertson*, No. M-14-CV-202502187 from Magistrate Court, Dona Ana County, State of New Mexico, stating:

> This Notice of Removal is timely filed pursuant to 28 U.S.C. S 1446(b)(3) because it is being filed within 30 days after December 03, 2025, After Defendant filed her Response Amendment that first introduced her federal law claims.

Notice of Removal at 3.

3

Judge Wormuth notified Plaintiff it appears the removed case should be remanded back to the Magistrate Court because:

Plaintiff has not met her burden of showing that this Court could have exercised original jurisdiction over the removed case.

> A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). However, a federal court must remand a removed action back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and "there is a presumption against its existence." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974).

*Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Furthermore,

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction.

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citations omitted). Plaintiff has not shown that a federal question appears on the face of the complaint filed in the City of Las Cruces Magistrate Court. The fact that Plaintiff "alleged claims arising under federal law" in her answer to the state-court complaint is not sufficient to invoke federal question jurisdiction.

Order to Show Cause at 5. Judge Wormuth also notified Plaintiff it appears that Plaintiff's removal is untimely:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from

4

> which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Plaintiff has not shown that she filed the Notice of Removal within 30 days of service of the state-court complaint which was filed on November 25, 2025, and which she answered on December 15, 2025. Nor has Plaintiff shown that she filed the Notice of Removal within 30 days of service of any other paper filed by Cale Robertson in the state-court case from which it may first be ascertained that Cale Robertson's case is one which is or has become removable. Plaintiff's statement that the Notice of Removal is timely "because it is being filed within 30 days after December 03, 2025," is incorrect; Plaintiff filed the Notice of Removal on March 24, 2026.

Order to Show Cause at 5-6. Judge Wormuth ordered Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. M-14-CV-202502187, to the Magistrate Court.

Plaintiff's Amended Complaint, which includes Plaintiff's response to the Order to Show Cause, does not show that a federal question appears on the face of the complaint[1] filed in the Magistrate Court or that Plaintiff timely filed her Notice of Removal. The Court, therefore, remands *Robertson v. Robertson*, No. M-14-CV-202502187, to Magistrate Court, Dona Ana County, State of New Mexico.

**Order Denying Removal Motion**

Plaintiff filed a Motion for removal of *Robertson v. Robertson*, No. M-14-CV-202502187, from the Magistrate Court, Dona Ana County, State of New Mexico to this Court. *See* Removal Motion at 1 (citing 28 U.S.C. §§ 1441, 1446).

The Court denies Plaintiff's Motion to remove *Robertson v. Robertson*, No. M-14-CV-202502187, from the Magistrate Court, Dona Ana County, State of New Mexico to this Court. As discussed above, the federal removal statutes allow for removal of case from state court if a federal

---

[1] A federal question does not appear on the face of the complaint. *See* Petition by Owner for Restitution, filed November 25, 2025, in *Cale Robertson v. Belinda Robertson*, No. M-14-CV-202502187, Magistrate Court, Dona Ana County, State of New Mexico.

question appears on the face of the complaint and a defendant timely removes the case. Plaintiff has not shown that a federal question appears on the face of the complaint in *Robertson v. Robertson*, No. M-14-CV-202502187, and that she timely removed the case.

**IT IS ORDERED** that:

(i)     Plaintiff's Amended Complaint, ECF No. 8, filed April 6, 2026, is **DISMISSED without prejudice**;

(ii)    *Robertson v. Robertson*, No. M-14-CV-202502187, is **REMANDED** to the Magistrate Court, Dona Ana County, State of New Mexico;

(iii)   Plaintiff's Amedment [sic] Motion of Emergency [Removal] from a Magistrate Court to a Federal Jurisdiction Under the Penalities [sic] of the State of New Mexico Pursuant 28.U.S.C S1404 for Deprivation and Violation of the Civil Rights and Other Rights Guaranteed to Protect Plaintiff in Amedment [sic] Fourteenth of the Law of the Constitution of the United States in the Magistrate Court and State Court, ECF No. 10, filed April 16, 2026, is **DENIED**; and

(iv)    This case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE